IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARIEL ESPINOZA-DIAZ,<br><br>                      Petitioner,<br><br>      vs.<br><br>PAMELA JO BONDI, United States Attorney General, in their official capacity; TODD LYONS, Acting Director of Immigration and Customs Enforcement, in their official capacity; KRISTI LYNN NOEM, Secretary of Homeland Security, in their official capacity; ALLEN GILL, Enforcement and Removal Operations U.S. Immigration and Customs Enforcement, in their official capacity; and JHON DOE, Warden Lincoln County Jail Detention Center, in their official capacity;<br><br>                      Respondents. | **4:26CV3185**<br><br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Daniel Espinoza-Diaz's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully detained. For the reasons set forth herein, the Court grants the Petition and orders Respondents to release Petitioner.

## I.    BACKGROUND

Petitioner is a native and citizen of Cuba. Filing No. 1 at 3. He entered the United States on June 20, 2021, and was initially given an expedited removal order. Filing No. 6 at 3. However, on July 17, 2021, Border Patrol canceled the expedited removal order and instead served Petitioner a notice to appear in immigration court for removal proceedings and then released him on his own recognizance into the United States where he has resided ever since. *Id.* at 3–4; Filing No. 1 at 4. On February 8 or 9, 2026,

Petitioner was arrested and charged with driving under the influence.  Filing No. 1 at 5; Filing No. 6 at 4.  Following the issuance of an immigration detainer, he was released into ICE custody on February 10, 2026.  Filing No. 1 at 5; Filing No. 6 at 4.  It does not appear the DUI case has been resolved.  *See* Filing No. 1 at 4; Filing No. 6 at 4.  According to the Petition, which is dated June 17, 2026, removal proceedings are pending.  *See* Filing No. 1 at 5, 19.  However, Respondents allege Petitioner appeared in immigration court the following day, June 18, where the immigration judge denied Petitioner asylum relief and ordered him removed.  Filing No. 6 at 4.  Respondents note, however, that this decision is not yet administratively final because Petitioner has 30 days, or until July 18, 2026, to appeal the immigration judge's decision.  *Id.*

Petitioner remains detained at the Lincoln County Jail in North Platte, Nebraska.  Filing No. 1 at 3; Filing No. 6 at 4.  Petitioner seeks his immediate release or a bond hearing.  Filing No. 1 at 18–19.

## II.    ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A).  Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country.  Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect.  *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026

WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, and Sixth Circuit Court of Appeals have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But Petitioner's situation is distinct from that set forth in *Avila*. When Petitioner was detained and released on his own recognizance in 2021, the government necessarily invoked 8 U.S.C. § 1226. Now, Respondents claim Petitioner is actually detained under 8 U.S.C. § 1225(b)(2) rather than § 1226. But, "courts may not accept . . . *post hoc* rationalizations for agency action," and "an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983). "Put simply, the Government is not allowed to change horses midstream. It is stuck with the horse on which it rode into court," which, here, is 8 U.S.C. § 1226. *Souleimane C. v. Blanche*, No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at *3 (D. Minn. Apr. 30, 2026); *accord Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-CV-131, 2026 WL 926725, at *1 (D. Neb. Apr. 6, 2026) ("If the government was going to detain the petitioner for removal proceedings, [his apprehension at the border] was the time. Instead, the government decided to release him on

conditional parole—and when it did so, the petitioner's detention and removal were subject to the statutory scheme in § 1226.").

Noncitizens detained under 8 U.S.C. § 1226(a) are entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Here, the government made such a determination and released Petitioner on his own recognizance. Accordingly, absent a valid reason to redetermine Petitioner's bond (which Respondents do not assert), the order releasing him on his own recognizance remains operative. This is so, even despite Respondents' representation that since the filing of his petition, an immigration judge has denied Petitioner's application for asylum and ordered him removed. The order of removal is not yet final. *See* 8 U.S.C. § 1231 (the "removal period" requiring mandatory detention begins on the date the order of removal becomes administratively final, i.e., once the appeal time has run). Until it becomes final, Petitioner remains subject to the bond provisions of § 1226.

Should Petitioner's removal become administratively final, he will thereafter be subject to mandatory detention. 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Or, should Respondents choose to attempt to re-detain Petitioner prior to his removal order becoming administratively final, they must afford him a bond hearing wherein the burden is on the government to demonstrate he poses a flight risk or is a danger to the community. Importantly, because Respondents previously deemed it appropriate to release Petitioner into the country without bond or conditions, Respondents must explain what has changed about Petitioner's circumstances so as to justify his detention now.

Furthermore, even if Respondents had not previously chosen to invoke § 1226 in Petitioner's case, the Court would nevertheless find that his detention without the opportunity for a bond violates his due process rights under the three-part test in *Mathews v. Eldridge*, 424 U.S. 319, (1976), as set forth in *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026).  Accordingly,

IT IS ORDERED:

1.  Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.

2.  Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order on his own recognizance as previously ordered and without additional conditions.

3.  Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.

4.  Should Respondents seek to re-detain Petitioner prior to his removal order becoming administratively final, they must afford him a prompt bond determination hearing as described herein.

5.  Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on July 7, 2026.**

Dated this 1st day of July, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge